Daniel WITHERS, d/b/a Dan's Package & Sporting Goods, Respondent,

v.

**SUPERVISOR OF LIQUOR CONTROL, Appellant.**

No. 46796.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 2, 1983.

John Ashcroft, Atty. Gen., William K. Haas, Asst. Atty. Gen., Jefferson City, for appellant.

Schlueter & Byrne, Albert M. Schlueter, Clayton, for respondent.

CRIST, Judge.

Appeal from reversal of Administrative Hearing Commission's decision upholding Supervisor of Liquor Control's four day suspension of respondent's liquor license for selling intoxicating beverages to a minor.

The facts are undisputed. On October 2, 1981, Carl Sappington, Jr., a minor, purchased beer from an employee at Dan's Package and Sporting Goods, respondent's liquor store. On this particular day, Sappington was not asked for proof of age but respondent's employee had, in the past, asked him for his identification and he had produced it. The identification Sappington had shown on at least two prior occasions was an altered Missouri driver's license. Shortly after leaving the liquor store, Sappington was stopped by a police officer. The arresting officer escorted Sappington back to Dan's Package and Sporting Goods whereupon Sappington identified the employee who sold him the beer.

While it is a misdemeanor to sell alcoholic beverages to a minor, § 311.310 RSMo 1978, there is a "good faith," defense available to those who request, are shown, and reasonably rely on an altered identification. Section 311.328.2 RSMo Supp. 1982. In upholding the Supervisor of Liquor Control's suspension of liquor sales for four days, the Administrative Hearing Commission held § 311.328.2 required a request for and presentation of a proper identification prior to each purchase in order to avail oneself to the "good faith" defense. In reversing the commission pursuant to § 311.328.2 RSMo Supp 1982, the trial court, in effect, held the prior requests for identification from Sappington were sufficient to bring respondent under the "good faith" exception to § 311.310 RSMo 1978. We agree.

We construe the plain meaning of § 311.-328.2 RSMo Supp 1982 to include respondent's prior compliance, with respect to this purchaser, with § 311.328 RSMo Supp 1982.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.